**FILED**
August 18, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SNJ HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-455-RP |
| | § | |
| COVINGTON SPECIALTY INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Covington Specialty Insurance Company's ("Defendant") Motion to Dismiss for Improper Venue or, Alternatively, Motion to Transfer Venue. (Mot., Dkt. 8). Plaintiff SNJ Holdings, LLC ("Plaintiff") filed a Response, (Dkt. 11), and Defendant filed a Reply, (Dkt. 12). Having considered the parties' briefs, the record, and the relevant law, the Court finds that the motion should be granted in part and denied in part, such that the Court will transfer this case to the U.S. District Court for the Northern District of Texas, Dallas Division.

## I. BACKGROUND

Plaintiff filed its Original Petition in the 98th District Court of Travis County, Texas, on January 29, 2026. (Orig. Pet., Dkt. 1-4). Plaintiff is a domestic limited liability company, and its principal place of business and registered agent are in Austin, Travis County, Texas. (*Id.* at 1). Plaintiff owns a commercial property at 8702 Spring Valley Road, Dallas, Texas 78240 (the "Property"). In September 2023, the Property allegedly suffered "extensive damage . . . from a severe weather event." (Orig. Pet., Dkt. 1-4, at 3). At all times relevant to this action, the Property was "covered by a policy of insurance . . . issued by [Defendant] to Plaintiff," which "covered the Property against loss by wind and hail damage." (*Id.*). The Property allegedly "sustained extensive hail damage," and Plaintiff states that it "gave timely notice to Defendant of the loss," which was

assigned claim number 7030200969 (the "Claim"). (*Id.*). According to Plaintiff, the Claim was "assigned to desk adjuster, Jessica Petry, at [RSUI Group, Inc. "RSUI"] . . . on behalf of [Defendant]," and Jessica Petry then "retained Engle Martin & Associates, a third-party adjusting firm, to inspect the property on Defendant's behalf," who then assigned the Claim "to its insurance adjuster, David Eckenrode, to investigate" ("the Adjusters"). (*Id.* at 3–4). The Adjusters "then hired Thornton Tomasetti, Inc., a forensic engineering firm, to investigate and report on the Claim." (*Id.* at 4).

According to Plaintiff, "Covington failed to conduct a full and fair and reasonable investigation of Plaintiff's claim, including as to the full scope and extent of covered losses and damages of Plaintiff's insured property and as to the reasonable and necessary scopes of repairs of all such Property." (*Id.*). As a result, Plaintiff states that Defendant "undervalu[ed] the claim and drastically reduc[ed] [its] exposure to pay under the Policy." (*Id.*). Plaintiff further alleges that "[Defendant] and its Adjusters knew Thornton Tomasetti, Inc. would provide a report based on inadequate information and a cursory visual inspection, which Covington could use as a pretext for partially denying and underpaying Plaintiff's claim." (*Id.* at 5). Plaintiff pleads that Defendant "determined the total covered damage to the Property was $590.82 to repair HVAC units," but an independent investigator hired by Plaintiff gave "an estimate of the reasonable and necessary cost of repairs at a replacement cost value (RCV) of $657,906.08 and actual cash value (ACV) of $627,214.33." (*Id.*).

Plaintiff thereafter filed this action, seeking damages and a declaratory judgment for breach of contract and violations of the Texas Insurance Code. (*Id.* at 7–10). Defendant subsequently removed the instant action to this Court. (Not. of Removal, Dkt. 1). It moves to dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer venue to the Northern District of Texas, Dallas Division. (Mot., Dkt. 8, at 1, 3).

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Improper Venue Pursuant to FRCP 12(b)(3)

A party moving to dismiss based on improper venue does so pursuant to Federal Rule of Civil Procedure 12(b)(3). The venue statute for actions that were originally filed in state court then removed to federal court states: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). However, the Court may consider evidence in the record beyond the facts alleged in the complaint and its attachments, including affidavits or evidence submitted by the parties as part of the venue motion. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). When a court determines a case was filed in a division or district of improper venue, the district court may either dismiss the case or transfer it to any district or division of proper venue. *See* 28 U.S.C. § 1406(a).

### B. Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[T]he first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, the Court turns to consideration of "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different

forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)).

The relevant factors include matters of both private and public interest. *Volkswagen AG,* 371 F.3d at 203; *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Id.* No single factor is dispositive. *Id.*

The Court must also "give some weight to the plaintiffs' choice of forum." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 n.6 (2013). However, the plaintiff's venue choice "is neither conclusive nor determinative. *In Re: Horsehoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003). Rather, the party seeking transfer must show "good cause": a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Thus, when the transferee venue is "not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). But when the movant demonstrates that the transferee venue is clearly more convenient, "it has shown good cause and the district court should therefore grant the transfer." *Id.*

## III. DISCUSSION

### A. Motion to Dismiss for Improper Venue

Defendant contends that the Court should dismiss this case because it is a citizen of New Hampshire and Georgia, not Texas, and a "substantial part of Plaintiff's causes of action did not occur in the Western District of Texas." (Mot., Dkt. 8, at 4). In support of its assertion that a substantial part of the events or omissions giving rise to this action did not occur in this District, Defendant asserts that the Property is outside of the Western District of Texas, the investigation of the Claim occurred outside of the Western District of Texas, and "Plaintiff's application for insurance coverage was submitted by an agent with an address outside the Western District of Texas."[1] (*Id.*).

Plaintiff first responds that Defendant waived any objection to venue by not timely filing the instant motion. According to Plaintiff and an attached exhibit, (Dkt. 11-4), when Plaintiff and Defendant's attorneys were communicating prior to the filing of this action in Travis County District Court, Defense counsel stated: "I am authorized to accept service if you can agree to allow thirty days for [Defendant] to answer, move, or otherwise respond to the petition." (Resp., Dkt. 11, at 2; Dec. 29 Email, Dkt. 11-4, at 3). Plaintiff agreed to extend Defendant's response deadline to thirty days. (Resp., Dkt. 11, at 3; Email, Dkt. 11-4, at 3). Plaintiff filed this action on January 29, 2026; twenty-eight days later, on February 26, 2026, Defendant filed its notice of removal. Defendant then filed the instant motion on March 5, 2026, which Plaintiff asserts was "more than 30 days after being served" with the Original Petition in the state court action. (Resp., Dkt. 11, at 3). Defendant replies that the "agreement was reached in connection with Plaintiff's counsel advising

---

[1] An employee of RSUI who is "a custodian of records for Covington" declares that the Policy was issued in connection with an application submitted by "Baker & Affiliates Ins. Agy. Inc. ("Baker") on behalf of SNJ Holdings. The Commercial Insurance Application lists the address for Baker as 1449 Forest Ln., Garland, Texas 75042." (Smith Decl., Dkt. 8-1, at 2). *See Ginter*, 536 F.3d at 449 (stating that courts determining whether venue is proper may consider evidence in the record beyond the facts alleged in the complaint).

that it would file a lawsuit in Texas state court, and the attorneys did not discuss potential removal to federal court or any deadlines set by the Federal Rules of Civil Procedure." (Reply, Dkt. 12, at 2–3). Because it removed this case, Defendant argues, the deadlines from the Federal Rules of Civil Procedure apply, such that it was required to answer or otherwise respond to Plaintiff's Original Petition within twenty-one days after receiving the initial pleading, twenty-one days after being served, or seven days after the notice of removal is filed, whichever is latest. (*Id.* (citing Fed. R. Civ. P. 81(c)). Accordingly, Defendant asserts that its deadline to answer or otherwise respond was March 5, 2026—the date on which the instant motion was filed. (*Id.* at 3–4).

Plaintiff's argument regarding waiver fails. The parties cannot shorten or extend the deadline to respond pursuant to Rule 12 of the Federal Rules of Civil Procedure without Court consent. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, *the court may*, for good cause, extend the time . . . .") (emphasis added). Accordingly, their "stipulation" that Defendant had "thirty days to answer, move, or otherwise respond to the petition" is of no effect under the Federal Rules. The instant motion was timely filed under Federal Rule of Civil Procedure 81(c). The Court will therefore reach the merits of Defendant's motion.

Plaintiff also asserts that, even if the instant motion was timely filed, venue is proper, as this Court is "the district court of the United States for the district and vision embracing the place where" the state court action was pending. (Resp., Dkt. 11, at 5). Plaintiff is correct. Defendant's arguments regarding the venue factors under 28 U.S.C. § 1391 are inapposite, as the venue of this case—which Defendant removed to this Court—is governed instead by 28 U.S.C. § 1441. Because Defendant removed this action from Travis County District Court, which is located within the Western District of Texas, venue is proper. As a sister court has aptly explained, "venue in removed cases is proper under 28 U.S.C. § 1441, even where it would not comply with the venue requirements of 28 U.S.C. § 1391." *Serrano v. U.S. Fire Ins. Co.*, No. EP-00-CA-255-DB, 2000 WL

33348220, at *2 (W.D. Tex. Nov. 7, 2000). Defendant therefore cannot successfully move to dismiss this case for improper venue under Federal Rule of Civil Procedure 12(b)(3); instead, "[t]he only question is whether the action should be transferred pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of the parties and witnesses, in the interest of justice." *See Burlington N. & Santa Fe Ry. Co. v. Herzog Servs., Inc.*, 990 F. Supp. 503, 504 (N.D. Tex. 1998). Thus, the Court will deny Defendant's motion to dismiss this case for improper venue under Federal Rule of Civil Procedure 12(b)(3) and proceed to analyze Defendant's motion to transfer under § 1404. *See Serrano*, 2000 WL 33348220, at *2 (stating that the "only proper way" for a defendant who removed a case to federal court "to assert a challenge to venue . . . is to do so pursuant to 28 U.S.C. § 1404(a)").

**B. Motion to Transfer**

Defendant also moves to transfer this case to the Northern District of Texas based on "the balance of private and public interests."[2] It contends that the "private interests of the litigants will be better served by transfer" because (1) this District "does not have any meaningful ties to the controversy"; (2) this District "is inconvenient for [Defendant], which is based in Atlanta, Georgia, because Austin, Texas is farther from Georgia than Dallas, Texas"; (3) this District is "inconvenient for at least three key witnesses in that they are more than 100 miles from the current venue and travel to the Western District of Texas would be more expensive than attending trial in the Northern District of Texas";[3] (4) "[e]vidence necessary for the defense of this suit is not located in the Western District of Texas," whereas the "key evidence"—the Property—is located in the Northern

---

[2] Defendant's motion to transfer refers to both § 1404 and § 1406. As explained in Section III(A), *supra*, the only applicable venue transfer statute in this case is § 1404. *See Serrano*, 2000 WL 33348220, at *2 (explaining that, for removed actions, "the only proper way to assert a challenge to venue, without flouting the venue provisions of 28 U.S.C. § 1441, is to do so pursuant to 28 U.S.C. § 1404(a), rather than 28 U.S.C. § 1406(a). The latter section is only applicable in cases in which there is improper venue, and venue in removed cases is proper under 28 U.S.C. § 1441, even where it would not comply with the venue requirements of 28 U.S.C. § 1391.").

[3] Defendant elaborates that one of these key witnesses works in Georgia and the other two work in Dallas, Texas. (Mot., Dkt. 8, at 6).

District of Texas; and (5) "a transfer will serve the local interest in adjudicating local controversies and will avoid the unfairness of burdening citizens in an unrelated forum with jury duty." (Mot., Dkt. 8, at 6–7). Plaintiff's Response, which correctly argues that venue is proper in this District, does not otherwise respond to Defendant's argument that it is "'in the interest of justice" for this case to be transferred to the Northern District of Texas.[4]

The Court first determines whether the Northern District of Texas "would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d at 203. Because the Property at issue in this case is in the Northern District of Texas, venue would have been appropriate there.

Next, the Court considers "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet*, 868 F.2d at 1436 (5th Cir. 1989). The sole member of Plaintiff is Chul Kon Yang, who is domiciled in Texas, and who Defendant alleges resides in Austin, Texas. (Not. of Removal, Dkt. 1, at 3). The Property at issue, however, is in the Northern District of Texas, and Defendant represents that key witnesses are in Georgia and in Dallas, Texas, such that the Northern District would be more convenient and affordable for the witnesses. (Mot., Dkt. 8, at 6). The private concerns therefore favor the Northern District of Texas. As to the public factors, three of the four factors—court congestion, familiarity of the forum with the law that will govern the case, and conflict of law problems—appear to be neutral, whereas the "local interest in having localized interests decided at home" favors the Northern District of Texas, as the Property at issue is in the Northern District of Texas, and the allegedly inadequate investigation of Plaintiff's Claim occurred there as well. Thus, while this District has some ties to the controversy given that Plaintiff's sole

[4] Plaintiff requests, if the Court finds venue improper in this District, that the Court transfer this case to the Northern District of Texas, Dallas Division, rather than dismiss the case outright. (Resp., Dkt. 11, at 6).

member resides in this District, the Court finds that the Northern District of Texas is a more convenient venue for this case based on the public and private interest factors. Accordingly, this case should be transferred pursuant to 28 U.S.C. § 1404(a).

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendant's Motion to Dismiss for Improper Venue or, Alternatively, Motion to Transfer Venue, (Dkt. 8), is **GRANTED IN PART** and **DENIED IN PART**, such that Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) is **DENIED**, but that Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **TRANSFERRED** to the U.S. District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1404(a).

**SIGNED** on August 18, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE